11-3253-ag
Zhang v. Holder

BIA
Balasquide, IJ
A088 794 103

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29ᵗʰ day of May, two thousand twelve.

PRESENT:
        GUIDO CALABRESI,
        REENA RAGGI,
        DENNY CHIN,
            *Circuit Judges.*

_____

QIN ZHANG,
        *Petitioner,*

        v.                                          11-3253-ag
                                                    NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Lee Ratner, Law Offices of Michael
                       Brown, New York, N.Y.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; M. Jocelyn Lopez Wright,
                       Senior Litigation Counsel; Lori B.
                       Warlick, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Qin Zhang, a native and citizen of the People's Republic of China, seeks review of a July 26, 2011, decision of the BIA affirming the March 11, 2010, decision of Immigration Judge ("IJ") Javier Balasquide, which denied his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Qin Zhang*, No. A088 794 103 (B.I.A. July 26, 2011), *aff'g* No. A088 794 103 (Immig. Ct. N.Y. City Mar. 11, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). Zhang challenges the agency's denial of his application for asylum and withholding of removal.

For asylum applications, such as Zhang's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 167.  We "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling.  *Xiu Xia Lin*, 534 F.3d at 167.

Here, substantial evidence supports the IJ's adverse credibility determination given the material omissions in Zhang's asylum application.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xian Tuan Ye v. Dep't of Homeland Security*, 446 F.3d 289, 294-95 (2d Cir. 2006); *Xiu Xia Lin*, 534 F.3d at 166 n.3 (explaining that inconsistencies and omissions are "functionally equivalent").  As the agency observed, Zhang testified that the Chinese government continued to search for him after he left China and issued a summons to his mother, and that his practice of Falun Gong

3

is ongoing in the United States, but his asylum application omitted this information. The agency reasonably declined to credit Zhang's vague and non-responsive explanations for these omissions. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (determining that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

The adverse credibility determination is further supported by Zhang's failure to corroborate the portions of his claim that he omitted from his asylum application. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). In finding that Zhang failed to provide adequate corroboration, the agency reasonably afforded little evidentiary weight to the copy of a summons Zhang provided with his application because it was not authenticated pursuant to the regulations, 8 C.F.R. § 1287.6, and because it lacked a proper foundation needed for authentication. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 148 (2d Cir. 2007); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir. 2006).

Accordingly, given the omissions and the lack of corroborating evidence to rehabilitate Zhang's testimony,

4

substantial evidence supports the agency's adverse credibility determination, and we defer to that finding. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Because the only evidence of a threat to Zhang's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum and withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). We decline to reach the agency's alternate burden of proof finding as the adverse credibility determination is dispositive.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5